E-FILED
Tuesday, 16 October, 2012  04:08:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **APOLINAR CAMPOS-BARRAGAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | Case No. 12-CV-2276 |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

On October 15, 2012, Petitioner, Apolinar Campos-Barragan, sent to this court a pro se Motion seeking a reduction in his sentence. Petitioner included the Case number of his criminal case, No. 11-CR-20009. Petitioner stated that his Motion was brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Rule 52(b) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3582(c)(2). However, after careful review of Petitioner's pro se Motion and the record in his criminal case, this court must construe his Motion as a Motion under 28 U.S.C. § 2255.

### BACKGROUND

On February 15, 2011, in Case No. 11-CR-20009, Petitioner was charged by indictment with the offense of unlawful re-entry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On September 12, 2012, Petitioner pleaded guilty to the charge against him pursuant to a written plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. In the written plea agreement, the parties agreed that Petitioner's advisory sentencing guideline range was 37 to 46 months and that the appropriate sentence was a 38 month term of imprisonment. Petitioner agreed to waive his right to appeal. Petitioner also

agreed to waive his right to collaterally attack his conviction and sentence, including his right to file a motion under 28 U.S.C. § 2255.

On January 27, 2012, a sentencing hearing was held and Petitioner was sentenced to the agreed term of 38 months in the Federal Bureau of Prisons. The presentence investigation report (PSR) stated that the November 1, 2011, edition of the United States Sentencing Commission Guidelines Manual was used to compute Petitioner's sentencing guidelines.

## ANALYSIS

On October 15, 2012, Petitioner filed a pro se Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Rule 52(b) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3582(c)(2). Petitioner is asking that his sentence be reduced based upon amendments to the sentencing guidelines which were effective November 1, 2010, and November 1, 2011, a "fast-track" memorandum issued by the Department of Justice on January 31, 2012, and also based upon ineffective assistance of counsel.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011). The only exception which could possibly apply in this case is the exception provided for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

However, the amendments to the sentencing guidelines relied upon by Petitioner, which were effective on November 1, 2010, and November 1, 2011, were in effect at the time

Petitioner was sentenced in January 2012. The PSR stated that the November 1, 2011, edition of the United States Sentencing Commission Guidelines Manual was used to compute Petitioner's sentencing guidelines. This edition of the manual included the amendments Petitioner has listed in his Motion. Therefore, Petitioner clearly is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

Accordingly, this court concludes that, in his pro se Motion, Defendant is seeking relief he can obtain only through 28 U.S.C. § 2255.[1] A motion filed after the expiration of the time for direct appeal, and invoking grounds mentioned in § 2255(a), is a collateral attack under § 2255. See United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000); United States v. Ball, 2010 WL 2545697, at *1 (W.D. Wis. 2010). A postconviction motion that is functionally, substantively, a motion under § 2255 should be treated as such, even if labeled differently. Henderson v. United States, 264 F.3d 709, 710 (7th Cir. 2001), citing Evans, 224 F.3d at 673.[2]

However, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court must advise Petitioner of this court's intent to characterize the Motion as one under § 2255 and warn Petitioner that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This

---

[1] 28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] This court notes that Petitioner recognized in a footnote that his motion may be a motion "under § 2255 . . . to Vacate, Modify or Set Aside Sentence."

court further advises Petitioner that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes he has.  Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004).  This court notes that any amended § 2255 Motion should address the effect of Petitioner's waiver of his right to bring a collateral attack under § 2255 included in his written plea agreement.

   IT IS THEREFORE ORDERED THAT:

(1) This court has construed Petitioner's pro se Motion (#1) as a Motion under 28 U.S.C. § 2255.  Petitioner is allowed thirty (30) days from the date of this Opinion to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim he believes he has.

(2) If Petitioner does not withdraw his Motion, the case will proceed under § 2255.  In ruling on the Motion under § 2255, this court will address the effect of Petitioner's waiver of his right to bring a collateral attack under § 2255.

(3) If Petitioner's Motion is not withdrawn, the Government is directed to file its Response to Petitioner's Motion, whether amended or not, by December 17, 2012.

              ENTERED this 16th day of October, 2012

                    **s/ Michael P. McCuskey**
                    MICHAEL P. McCUSKEY
                    U.S. DISTRICT JUDGE