UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **APOLINAR CAMPOS-BARRAGAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Case No. 12-CV-2276** |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**OPINION**

This case is before the court on Petitioner's pro se Motion for Relief pursuant to Fed. R. Civ. P. 60(b) (#1), filed on October 15, 2012. On October 16, 2012, this court entered an opinion construing Petitioner's Motion (#1) as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 and provided Petitioner 30 days to withdraw his Motion if he did not want to proceed, or to amend his Motion to include every § 2255 claim he believed he had. (#3). No timely withdrawal or amendment was made. On December 14, 2012, the Government filed its Response. (#4). On December 26, 2012, Petitioner filed a Reply (#5). This court has carefully reviewed Petitioner's Motion (#1), the Government's Response (#4), and Petitioner's Reply (#5). Following this review, Petitioner's Motion (#1) is DISMISSED.

**Background**

On March 25, 2005, Petitioner, who is also known as Antonio Montana, was convicted of the offense of Aggravated Criminal Sexual Abuse in Champaign County. (11-CR-20009 #1 ¶

6). Because Petitioner is a citizen of Mexico and had no claim to citizenship or lawful residence in the United States, Petitioner was removed from the United States on July 1, 2005. (*Id*. at ¶¶ 5-7).

On October 2, 2010, Petitioner was arrested by the Champaign Police Department for obstruction of justice. (*Id*. at ¶ 8). On February 15, 2011, Petitioner was charged by indictment with being in the United States without having obtained the consent of either the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, for reapplication for admission into the United States after having been deported and removed from the United States, which deportation and removal was subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). (11-CR-20009 #9). On September 12, 2011, Petitioner entered into a plea agreement before Magistrate Judge David G. Bernthal. After cautioning and examining Petitioner under oath, Judge Bernthal determined that Petitioner's guilty plea was knowing and voluntary as to the sole count, and that the offense charged was supported by an independent factual basis containing each of the essential elements of such offense. (11-CR-20009 #19). Judge Bernthal therefore recommended that the plea of guilty be accepted. On October 7, 2011, this court accepted Judge Bernthal's Report and Recommendation and accepted Petitioner's plea of guilty. (11-CR-20009 #21). On January 27, 2012, this court sentenced Petitioner to a term of imprisonment of 38 months. (11-CR-20009 #28).

**Analysis**

Although his Motion is unclear, Petitioner appears to attempt to argue that the Government's "Fast-Track" deportation program provides that if certain conditions are satisfied,

the Government has the discretion to request a downward departure during sentencing for an individual unlawfully within the United States who is convicted of reentering the United States after being deported for the first time. Petitioner argues 1) that the Government violated his due process rights by failing to request that downward departure, and 2) that his attorney provided ineffective assistance by failing properly to inform him about the terms of his plea agreement, including the waiver of his right to collateral attack.

*Waiver of collateral attack in plea agreement*

Petitioner pled guilty to the indictment in the underlying case with the assistance of counsel and a Spanish interpreter. In his written plea agreement, Petitioner waived his right to collaterally attack his sentence. That waiver read, in pertinent part, as follows:

> 17. The defendant also understands that he has a right to attack his conviction or sentence collaterally on the grounds that the Constitution or laws of the United States were violated, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the conviction or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.
>
> 18. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward deviation as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues

relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

(11-CR-20009 #15 ¶¶ 17-18).

Petitioner's plea agreement also stated that he understood the agreement and knowingly and voluntarily entered into that agreement. That portion of the plea agreement read, in pertinent part, as follows:

> 24. Defendant. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, John C. Taylor. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."
>
> I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.
>
> I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in it's [sic] entirety.
>
> I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

(11-CR-20009 #15 ¶ 24). In the Seventh Circuit, waivers of the right to challenge a sentence included in the plea agreement are to be strictly enforced. *United States v. Cieslowski,* 410 F.3d

353, 364 (7th Cir. 2005). The Seventh Circuit has "never been reluctant to hold criminal defendants to their promises." *Roberts v. United States*, 429 F.3d 723, 723 (7th Cir. 2005) (dismissing Section 2255 proceeding based on waiver in plea agreement). The only claims that survive a § 2255 waiver are claims that (1) the waiver itself was not knowingly and voluntarily made; or (2) that defense counsel provided ineffective assistance in connection with negotiating the waiver itself. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000).

Petitioner's original Motion does not allege that his attorney provided ineffective assistance in connection with the negotiation of the waiver. In his Reply, Petitioner asserts, for the first time, that he is "challenging the basis of the plea and conviction as well as ineffective counsel that prejudiced the Petitioner causing irreperable [sic] harm and a miscarriage of justice." (#5 p.1). However, beyond this naked claim, Petitioner makes no factual assertions as to how or why his plea might not have been negotiated in good faith or his attorney provided ineffective assistance. Further, during the guilty plea hearing, Judge David G. Bernthal found Petitioner competent to enter the plea and also found that the Petitioner's plea was knowing and voluntary. This court has listened to the audio recording from the plea hearing. The relevant portions of the colloquy proceeded as follows:

> Q: Do you understand what's happening here today?
>
> A (Petitioner, via translator): Yes.
>
> [ * * *]
>
> Q: Have you had enough time to discuss your case with your attorney, Mr. Taylor, who's here with you today?
>
> A: Yes.
>
> Q: Are you satisfied with Mr. Taylor's representation?

A: Yes.

[ * * *]

Q: Is that your signature on the bottom [of the plea agreement] of page 13?

A: Yes.

Q: Have you read it?

A: Yes.

Q: This is in English, so has someone translated it or interpreted it for you?

A: With the help of an interpreter.

Q: And did you discuss [the plea agreement] with your attorney before you signed it?

A: Yes.

[ * * *]

Q: There is another way to challenge decisions of the district court. Paragraph 17 talks about that. It is called a "collateral attack", and you say in Paragraph 17 that you understand that you have a right to bring this collateral attack, if you feel that the Constitution or the laws of the United States were violated, if you feel that you received ineffective assistance from your attorney, or that this court did not have proper jurisdiction, or that your conviction or sentence was in some other way subject to this collateral attack. Do you acknowledge further that you understand that such a collateral attack is usually made by filing a motion pursuant to Title 28 of the United States Code, Section 2255? And the agreement then says that you and your attorney have examined and reviewed Section 2255 and your attorney has discussed with you this waiver, but he has made no recommendation to you as to the waiver of that motion. Is that true?

A: Yes.

Q: That paragraph goes on to say that the decision to waive the right to challenge your conviction and sentence on the basis of ineffectiveness of your attorney -- that decision was made by you alone, notwithstanding any advice you may or may not have received from your attorney on this point. Is that correct?

>A: Yes.
>
>Q: This was your decision alone, is that correct?
>
>A: Yes.
>
>Q: Paragraph 18 states that in exchange for concessions made by the Uited States, you have made the decision to give up your right to bring this collateral attack on your plea agreement, conviction, and sentence. Is that your decision?
>
>A: Yes.
>
>Q: You say you understand that doing this means that you are giving up your right and ability to either appeal or collaterally attack any issue related to your conviction and sentence, except claims relating directly to the negotiation of the waiver itself. Do you have any question about what that means?
>
>A: No.
>
>Q: And is that what you have agreed to do?
>
>A: Yes.

(Tape of proceedings before Magistrate Judge David G. Bernthal on September 12, 2011, at 10:30am). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). "[A] defendant who simply files a motion to withdraw his plea on the ground that his plea was not voluntary, contrary to his assertions at the Rule 11 proceeding, faces a heavy burden of persuasion." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). Accordingly, Petitioner fails to support his assertion that his attorney did not adequately negotiate his plea agreement or that his plea was either not knowing or voluntary. In addition, Petitioner does not argue that his sentence was outside the maximum provided in the statutes of conviction. Because Petitioner has waived his right to collateral attack, his Motion must be dismissed.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added); *see also Jimenez v. Quarterman,* 129 S.Ct. 681, 684 n. 3 (2009). This court concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is barred by his waiver of collateral attack.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's pro se Motion to Vacate, Set Aside or Correct Sentence (#1) is DISMISSED.

(2) This case is terminated.

ENTERED this 26th day of June, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE